UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:18-cv-23420

EVELYN J. SCHMITTEN,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINE

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EVELYN J. SCHMITTEN, by and through undersigned counsel, hereby sues the

Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE (Hereinafter

NORWEGIAN CRUISE LINE) and alleges:

## PRELIMINARY ALLEGATIONS

1.    This is an action for damages that exceeds Seventy-five thousand dollars

($75,000.00) exclusive of interest, costs and attorney's fees.

2.    This Court has jurisdiction pursuant to 28 USC § 1333 and the Contract of Carriage.

3.    The Plaintiff, EVELYN J. SCHMITTEN has satisfied and performed all conditions

precedent for bringing this action.

4.    The Plaintiff, EVELYN J. SCHMITTEN, is a citizen of Texas.

5.    Defendant, NORWEGIAN CRUISE LINE, was and now is a foreign corporation

with offices and agents and doing business in the State of Florida, at 7665 Corporate Center Drive,

Miami, FL 33126, in Miami-Dade County, Florida.

6.      At all times material hereto, Defendant, NORWEGIAN CRUISE LINE was the bareboat charter, pro hac vice owner, owner and/or operator of the cruise vessel NORWEGIAN SKY, a pleasure cruise vessel which Defendant used to transport fare-paying passengers from Miami-Dade, Florida.

7.      At all times material hereto, Plaintiff was a fare-paying passenger aboard the NORWEGIAN SKY its tenders and lifeboats used to take passengers to and from the vessel to docks in Havana, Cuba and; as such, owed a duty of reasonable care under the circumstances to the Plaintiff who was a fare-paying passenger aboard the Defendant's cruise ship, NORWEGIAN SKY, voyage SKY171106.

8.      On or about November 9, 2017, Defendant, NORWEGIAN CRUISE LINE failed in its duty of reasonable care to the Plaintiff while she boarded a lifeboat and/or tender taking her to the docks in Havana, Cuba.

9.      Specifically, as Plaintiff was attempting to walk down a declined ramp exiting the vessel, there were no handrails to assist sixty-four year, EVELYN SCHMITTEN in walking down the slippery and wet metal gangway. Defendant, NORWEGIAN CRUISE LINE, through its employees and/or agents failed to provide Plaintiff with a safe way to board the lifeboat and/or tender and failed to provide her with reasonable assistance to get off the vessel. As a result, Plaintiff slipped and fell on the slippery metal gangway with no handrails and as a direct and proximate result, Plaintiff was severely injured.

10.     On the subject date and location, the Defendant, NORWEGIAN CRUISE LINE, by and through its crewmembers, employees and/or agents, breached its duty owed to the Plaintiff, EVELYN J. SCHMITTEN, by committing one or more of the following omissions or commissions:

**GOLDFARB LAW, P.A.**
2800 Ponce de Leon Boulevard, Suite 1100, Coral Gables, FL  33134 · Ph: (305) 433-3200 · Fax (305) 428-2418

a.  Failure to maintain the subject area in a reasonably safe condition; and/or

b.  Failure to adequately and regularly inspect the subject area for hazards, such as tripping hazards; and/or

c.  Negligently failed to act reasonably under the circumstances and provide Plaintiff with a reasonable and safe means to exit the vessel; and/or

d.  Negligently failed to have handrails on the subject gangway; and/or

e.  Negligently failed to warn the Plaintiff of the dangerous condition when exiting the vessel; and/or

f.  Negligently failed to provide safe walking areas when exiting the vessel; and/or

g.  Negligently allowed a slippery metal floor to exist on the exit area of the vessel when Plaintiff was attempting to depart the vessel; and/or

h.  Negligently failed to correct or adequately correct the dangerous condition known to the Defendant, NORWEGIAN CRUISE LINE; and/or

i.  Was otherwise negligent.

11.    At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

12.    As a direct and proximate result of the negligence of the Defendant, NORWEGIAN CRUISE LINE's failure to use reasonable care under the circumstances, the Plaintiff, EVELYN J. SCHMITTEN suffered serious bodily injury, resulting in pain and suffering, disability, mental

GOLDFARB LAW, P.A.
2800 Ponce de Leon Boulevard, Suite 1100, Coral Gables, FL  33134 · Ph: (305) 433-3200 · Fax (305) 428-2418

anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment. Plaintiff, EVELYN J. SCHMITTEN continues to have pain and seek medical treatment. The losses are permanent or continuing in nature and Plaintiff will suffer the losses in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Dated this 23rd day of August 2018.

Respectfully Submitted,

GOLDFARB LAW, P.A.
*Attorneys for Plaintiff*
2800 Ponce De Leon Blvd,
Suite 1100
Coral Gables, Florida 33134
Telephone:    (305) 433-3200
Facsimile:    (305) 428-2418

By:    */s/ Michael A. Goldfarb*
MICHAEL A. GOLDFARB
Florida Bar No.: 102639
Michael@goldfarblaw.com
garcia@goldfarblaw.com