UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  18-cv-23420-DPG

EVELYN J. SCHMITTEN,

   *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

   *Defendants*.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant NCL (BAHAMAS) LTD ("NCL"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint.

### PRELIMINARY ALLEGATIONS

1. Admitted that Plaintiff alleges damages in excess of $75,000.00. Denied as to Plaintiff's entitlement thereto.

2. Admitted for purposes of jurisdiction and for this litigation only.

3. Admitted.

4. Admitted on information and belief, including information furnished by Plaintiff.

5. Admitted for purposes of jurisdiction and for this litigation only.

6. It is admitted only that NCL was the operator of the vessel on the date of the alleged incident.

7. It is admitted only that Plaintiff was a paying passenger on the subject vessel on the date of her alleged incident. All other allegations are denied.

8. Denied.

9. Denied.

10. Denied, including subparagraphs (a) through (i).

11. Denied.

12. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's own negligence was the sole proximate cause of her injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and her injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to her own comparative negligence.

3. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of NCL and for which NCL cannot be held liable.

4. NCL had no actual or constructive notice or knowledge of the alleged unreasonably dangerous condition.

5. NCL did not create the alleged unreasonably dangerous condition.

6. Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused her alleged injuries.

7. Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury

as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

8. The allegedly dangerous condition was apparent, open and obvious and should have been observed by Plaintiff in the ordinary course of her senses, barring any recovery by Plaintiff.

9. The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

10. NCL fully discharged its duty to Plaintiff by warning her of any dangers and/or unique conditions of the vessel.

11. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its Answer by reference.

12. Plaintiff's claims are governed by general maritime law and any recovery by her is therefore limited by, and subject to, general maritime law.

13. To the extent applicable, any award of damages to Plaintiff must be reduced by any collateral source payments.

14. The alleged incident and injury may not have been fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** NCL (BAHAMAS) LTD, having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Case No.: 18-cv-23420-DPG

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:   (305) 436-4377
Facsimile:   (305) 468-2132

By: */s/ Todd Sussman*
    **Todd Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@nclcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Todd Sussman*
    **Todd Sussman, Esq.**

## SERVICE LIST

*Evelyn J. Schmitten vs. NCL (Bahamas) Ltd.*
Case No.: 18-cv-23420-DPG
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd Sussman, Esq. | Michael A. Goldfarb, Esq. |
| NORWEGIAN CRUISE LINE | GOLDFARB LAW, P.A. |
| 7665 Corporate Center Drive | 2800 Ponce de Leon Blvd., Suite 1100 |
| Miami, FL  33126 | Coral Gables, FL 33134 |
| Telephone:   (305) 436-4653 | Telephone:   (305) 433-3200 |
| Facsimile:   (305) 468-2132 | Facsimile:   (305) 428-2418 |
| tsussman@nclcorp.com | michael@goldfarblaw.com |
| jjara@nclcorp.com | garcia@goldfarblaw.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |